**Harry J. WILLIBY, Plaintiff—Appellant,**

v.

**CITY OF OAKLAND; et al., Defendants—Appellees.**

**No. 08–15610.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Harry J. Williby, Oakland, CA, pro se.

Jennifer N. Logue, Christopher Kee, City Attorney's Office, Oakland, CA, for Defendants–Appellees.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM ***

Harry J. Williby appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants failed to respond adequately to his requests for assistance after he was attacked by a dog and later threatened by an unknown person. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1094 n. 3 (9th Cir.2006), and we affirm.

The district court properly granted summary judgment on the due process claims because Williby did not have a right under the Due Process Clause to receive government protection from the actions of private citizens. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

189, 197, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) ("As a general matter, ... a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.").

█ The district court properly granted summary judgment on the equal protection claims because Williby did not raise a triable issue as to whether he was intentionally treated differently from similarly situated persons. *See Thornton v. City of St. Helens,* 425 F.3d 1158, 1166–67 (9th Cir.2005).

█ The district court properly granted summary judgment on the state law negligence claims because Williby did not raise a triable issue as to whether defendants had a duty to respond to his requests for assistance, or whether Williby suffered any injury as a result of defendants' inaction. *See Conroy v. Regents of Univ. of Cal.,* 45 Cal.4th 1244, 91 Cal.Rptr.3d 532, 203 P.3d 1127, 1132 (2009) (listing essential elements of negligence claim); *Zelig v. County of Los Angeles,* 27 Cal.4th 1112, 119 Cal.Rptr.2d 709, 45 P.3d 1171, 1182 (2002) ("law enforcement officers, like other members of the public, generally do not have a legal duty to come to the aid of [another] person") (internal quotation marks and citation omitted).

The district court did not abuse its discretion by denying Williby's motion under Federal Rule of Civil Procedure 56(f) because Williby failed to explain how the additional discovery he sought would preclude summary judgment. *See Tatum,* 441 F.3d at 1100.

Williby's request for judicial notice is denied. *See Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 n. 2 (9th Cir.2006) (declining to take judicial notice of documents that were

not relevant to the resolution of the appeal).

Williby's remaining contentions are unpersuasive.

**AFFIRMED.**